IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUAN VALDEZ,

Petitioner, No. CIV S-06-1314 FCD KJM P

vs.

BOB HOREL, Warden, et al.,

Respondents. FINDINGS AND RECOMMENDATIONS

_________________________________/

Petitioner is a state prison inmate proceeding with counsel with a petition for a writ of habeas corpus challenging the denial of parole. Respondent has filed a motion to dismiss, arguing that the petition was filed outside the statute of limitations. After argument on the motion, respondent has lodged additional documents at the court's request.

I. Background

Petitioner was found unsuitable for parole at a hearing held March 12, 2003. His administrative appeal of the parole board's decision was denied on October 15, 2003. Petition (Pet.), Exs. F (parole hearing) & O (administrative denial).

/////

/////

/////

On October 6, 2004, the Santa Cruz County Superior Court stamped "received" on a letter dated September 4, 2004, accompanying a petition for a writ of habeas corpus that was signed by counsel on October 4, 2004. The certificate of service attached to the writ is dated September 4, 2004. Lodged Document (Doc.) 1 (petition) at 21; Doc. 2 (letter).

On November 23, 2005, the superior court filed an order denying the petition for failure to state a claim. Below the file-stamped date are the words "nunc pro tunc 6-7-05"; the order is signed June 7, 2005. The certificate of service for this document is November 23, 2005. Doc. 2.

Counsel wrote to the court on December 6, asking that it reissue the order to make it clear that the matter was pending until November 23, 2005. Id. The court issued an amended order on December 9, 2005, denying the petition. Id.

On January 13, 2006, counsel filed a petition for a writ of habeas corpus in the California Court of Appeal for the Sixth Appellate District. See Docket for Case No. H029773 (available at http://appellatecases.courtinfo.ca.gov). The Court of Appeal denied the petition on March 20, 2006. Id.; Pet., Ex. P.

Finally, counsel filed a late petition for review in the California Supreme Court; his application for relief from default was granted and the petition was filed on April 5, 2006. It was denied without citation on June 14, 2006. Pet., Appendix A, Vol. V; see also Docket for Case No. S142367 (available at http://appellatecases.courtinfo.ca.gov).

The instant petition was filed on June 14, 2006.

/////

/////

/////

/////

/////

/////

II. Analysis

The AEDPA includes a statute of limitations for filing a habeas petition:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244. In parole cases, the date that triggers the federal statute of limitations is the date on which the factual predicate of the claims could have been discovered, which is usually the date petitioner learns of the result of the administrative appeal of the denial of parole. Redd v. McGrath, 343 F.3d 1077, 1082-83 (9th Cir. 2003).

Petitioner observes that there is no certificate of service attached to the denial of the administrative appeal and refuses to concede that he was properly served with the decision. Opposition (Opp'n) at 3. This distinguishes his case from Redd and from Shelby v. Bartlett, 391 F.3d 1061 (9th Cir. 2004), he argues, because in both cases the petitioners conceded that they received notice of the denial on or about the day the notice was issued.

/////

This argument is unavailing. First, in his superior court habeas petition and in this court counsel relies on the October 15, 2003 denial of the administrative appeal to allege that he exhausted his administrative remedies. Doc. 1 at 20; Pet. at 29. His reliance on the date and, indeed, his inclusion of the administrative determination as an exhibit to the instant petition demonstrates notice.

Second, even though the Shelby court relied on petitioner's concession that he had timely received notice of the administrative denial, it also appears to have established a presumption that an inmate will in fact receive notice on the day the denial is issued, a presumption petitioner must rebut:

> Here, as in *Redd*, Shelby does not dispute that he received timely notice of the denial of his administrative appeal on July 12, 2001, and he offers no evidence to the contrary. Therefore, the limitation period began running the next day.

Shelby, 391 F.3d at 1066. Counsel has offered no evidence, whether in the form of mail logs or his client's declaration, showing the method by or the date on which petitioner received notice.

Counsel next argues that even if there were proof the notice was actually mailed, he would be entitled to an additional five calendar days by operation of California Code of Civil Procedure § 1013(a), which provides, in general, for an additional five days in which to act after service of a document by mail. However, the calculation of AEDPA time limits is governed by Federal Rule of Civil Procedure 6(a), which excludes the day of the event from which the time period begins to run from calculation of that time period. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

Accordingly, the statute of limitations began to run on October 16, 2003, and would expire October 16, 2004, in the absence of any tolling.

The statute of limitations is tolled during the pendency of any "properly filed" state collateral attack on the judgment. Nino v. Galaza, 183 F.3d 1003, 1006-07 (9th Cir. 1999). Respondent argues that the superior court petition was not properly filed because the delay

between the administrative denial and the filing of the superior court petition was not reasonable. He relies on Evans v. Chavis, 546 U.S. 189, 126 S.Ct. 846, 852 (2006), a case in which the Supreme Court directed the federal courts to determine whether a subsequent petition was delayed unreasonably when the gap between the denial at one level and the filing at the next level was longer than thirty to sixty days, even when the state court did not make a finding of untimeliness. Id. at 854. Respondent contends that the fact that petitioner and counsel waited over 300 days before filing the initial petition shows it was not timely and that, as a result, the statute of limitations expired during the pendency of the superior court petition. Petitioner contends that Chavis does not apply to initial petitions that are not denied on the ground of untimeliness. With the latter position, this court agrees.

In Carey v. Saffold, 536 U.S. 214, 218-21 (2002), the Supreme Court held that the AEDPA statute of limitations is tolled not only between the actual filing and decision on a writ, but also during those periods between filings as a petitioner works his way "up the ladder" through higher courts to complete "one full round" of state court review of his claims, so long as the gap met California's "reasonableness" standard of timely filing. Id. at 217, 219-20.

In Chavis, the question of gap tolling returned to the Supreme Court, which cautioned, as it had in Saffold, that a state court's disposition of a writ on the merits was not "an absolute bellwether" on the timeliness question. Evans, 126 S.Ct. at 850. The Court concluded that the three year gap between the denial of the writ Chavis filed in the Court of Appeal and the time he filed his petition in the state Supreme Court was not reasonable. Nothing in either Saffold or Chavis suggests that the same scrutiny is appropriate when considering an initial petition denied on the merits rather than as untimely; respondent has presented no case applying the Chavis analysis to an initial filing.

The process of preparing and filing an initial petition is different from that of preparing and filing subsequent petitions. Before he is ready to file an initial petition, an inmate may have to raise the funds to hire counsel, who will then be required to review the record,

undertake legal research and factual investigation, and then draft the necessary pleadings. The task of repackaging the petition for further review in the appellate courts generally requires little additional work. The differences between the processes supports the conclusion that the Chavis timeliness analysis should not be applied to determining whether an initial petition is timely.

This court still must determine whether, based on the calendar, the Superior Court petition was timely. Despite counsel's repeated claim that the Superior Court petition was filed on September 5, 2004, the court finds it was filed on October 6, 2004. This finding is based on the "received" date of October 6 stamped on the letter accompanying the writ and the date of October 4, which is when counsel signed the petition. The Superior Court petition was filed on day 357 of the AEDPA year and thus was timely.

Respondent does not contend and the court does not find that the gaps between the subsequent petitions were unreasonable, so petitioner is entitled to statutory tolling from October 6, 2004 until June 16, 2006, the day the instant petition was filed. It is timely.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 15, 2007.

U.S. MAGISTRATE JUDGE

2 vald1314.157